UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| DARREN MONTGOMERY, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 11-CV-3266 |
| | ) | |
| DR. OBAISI, NURSE BEARDS, | ) | |
| NURSE MAGGIE, NURSE | ) | |
| STEPHANIE WINTER, NURSE | ) | |
| TERRY, NURSE JENNINGS, | ) | |
| COUNSELOR MARTIN, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff Darren Montgomery, proceeding *pro se* and currently incarcerated in Logan Correctional Center, alleges that the soy in his diet is making him sick. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.

## LEGAL STANDARD

The Court is required by § 1915A to review a Complaint filed by a

prisoner against a governmental entity or officer and, through such process, to identify cognizable claims, dismissing any claim that is "frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ". A hearing is held if necessary to assist the Court in this review, but, in this case, no hearing is necessary. The Complaint and its attachments are clear enough on their own for this Court to perform its merit review of Plaintiff's Complaint.

The review standard under § 1915A is the same as the notice pleading standard under Federal Rule of Civil Procedure 12(b)(6). Zimmerman v. Tribble, 226 F.3d 568, 571 (7th Cir. 2000). To state a claim, the allegations must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Factual allegations must give enough detail to give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" EEOC v. Concentra Health Serv., Inc., 496 F.3d 773, 776 (7th Cir. 2007), *quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)(add'l citation omitted). The factual "allegations must plausibly suggest that the

plaintiff has a right to relief, raising that possibility above a 'speculative level.'" Id., *quoting* Bell Atlantic, 550 U.S. at 555. However, *pro se* pleadings are liberally construed when applying this standard. Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir. 2009).

## FACTS

Plaintiff alleges that, since he arrived at Logan Correctional Center in December 2010, the food served has caused him:

> very sharp pains in my digestive tract, I've even passed out. I've heart palpitations, rashes, acne, now trouble sleeping, insomnia, panic attacks, depression, enlarged thyroid gland, hypothyroidism, brain fog, weight gain.

Plaintiff attributes his suffering to the soy in the food. He alleges that nurses have told him that the soy is toxic. Dr. Obaisi allegedly refuses to accept that soy is causing Plaintiff's problems, instead persisting in prescribing ineffective medicine.

## ANALYSIS

Deliberate indifference to a serious medical need violates a prisoner's right under the Eighth Amendment to be free from cruel and unusual punishment. Hayes v. Snyder, 546 F.3d 516, 522 (7th Cir.

2008). The medical need must be objectively serious, meaning "'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" Id., *quoting* Greeno v. Daley, 414 F.3d 645, 653 (7th Cir. 2005). An objectively serious need also presents itself if "'failure to treat [it] could result in further significant injury or unnecessary and wanton infliction of pain.'" Reed v. McBride, 178 F.3d 849, 852 (7th Cir. 1999)(quoted cite omitted); Roe v. Elyea, 631 F.3d 843, 857 (7th Cir. 2011)("The Eighth Amendment safeguards the prisoner against a lack of medical care that 'may result in pain and suffering which no one suggests would serve any penological purpose.'") (quoted cite omitted). Deliberate indifference does not encompass negligence or even gross negligence. McGowan v. Hulick, 612 F.3d 636, 640 (7th Cir. 2010). Deliberate indifference requires personal knowledge of an inmate's serious medical need and an intentional or reckless disregard of that need. Id.; Hayes, 546 F.3d at 524.

The Court concludes that Plaintiff states an arguable Eighth

Amendment claim against Dr. Obaisi for deliberate indifference to Plaintiff's serious medical needs. A serious medical need may be inferred from Plaintiff's own description of his symptoms. Cooper v. Casey, 97 F.3d 914, 916 (7th Cir. 1996)("Pain, fatigue, and other subjective, nonverifiable complaints are in some cases the only symptoms of a serious medical condition."). Whether soy is to blame must await a more developed record, and, in any event, the cause of Plaintiff's symptoms is immaterial at this juncture.

An inference of deliberate indifference arguably arises against Dr. Obaisi, who allegedly refuses to provide effective treatment. Greeno v. Daley, 414 F.3d 645, 655 (7th Cir. 2005)(doctor's persistence in prescribing ineffective treatment that prolonged pain and suffering violated Eighth Amendment). However, no inference of deliberate indifference arises against the rest of the defendants. The nurses and the counselor do not have the authority to override Dr. Obaisi's diagnoses or his treatment decisions. Nor do they have the authority to determine that Plaintiff has a medical need for a soy-free diet.

IT IS THEREFORE ORDERED:

1. Plaintiff's petition to proceed in forma pauperis is granted (d/e 2). The initial partial filing fee is waived because Plaintiff currently has a negative balance in his account. The agency having custody of Plaintiff is directed to make monthly payments of twenty percent of the preceding month's income credited to Plaintiff's account to the Clerk of Court. These payments shall be forwarded each time Plaintiff's account exceeds $10, until the filing fee of $350 is paid in full. The Clerk is directed to mail a copy of this order to the Prison, to the attention of the trust fund office.

2. Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states an Eighth Amendment claim for deliberate indifference to his serious medical needs against Dr. Obaisi. Any other claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

3. This case is referred to the Magistrate Judge for entry of a

Scheduling Order directing service and setting a Rule 16 conference date. A copy of this Opinion shall be served with the Complaint and Scheduling Order.

4. Defendants shall file an <u>answer</u> within the time prescribed by Local Rule. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.

ENTERED: August 25, 2011

FOR THE COURT:

          s/Sue E. Myerscough
          SUE E. MYERSCOUGH
          UNITED STATES DISTRICT JUDGE